NANCY CORDELL, Administratrix, etc., Respondent, v. THE
NEW YORK. CENTRAL AND HUDSON RIVER RAILROAD
COMPANY, Appellant.

Where a person has been killed at a railroad crossing and there are no
witnesses of the accident, to authorize a recovery against the railroad
company the circumstances must be such as to show that the deceased
exercised proper care for his own safety. Where the circumstances point
just as much to negligence on his part as to its absence, or point in
neither direction, a recovery cannot be had against the railroad company.
Plaintiff's intestate was killed by a passenger train while attempting to
cross, on foot, the tracks of defendant's road, at a farm crossing; he
lived near the tracks and knew all the surroundings; he was a man of
mature age, possessing all his faculties; there was no wind or storm; the
track on which he was killed he knew was used for trains going east,
and that trains were frequently behind schedule time; no signals or
warnings of approaching trains were customary at that point. The train
was a long one going east at a rapid rate of speed. There was a gravel
train moving slowly west on another track. There were obstructions
west of the crossing intercepting sight in that direction, but it was possi-
ble to see at least forty feet westerly before getting upon the track. The
only witness called by plaintiff who saw the accident was the engineer
of the train, who testified that he saw the deceased two steps from the
south rail of the track and saw him step twice, the second step taking
him just over the rail, that he then gave a signal and the engine
struck the deceased, that deceased was looking easterly away from the
approaching train, and when witness first saw him was 150 feet distant.
*Held,* that the evidence not only failed to show due care but established
contributory negligence.

(Argued November 15, 1878; decided November 26, 1878.)

APPEAL from judgment of the General Term of the Supreme
Court, in the third judicial department, affirming a judgment
in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for the death
of Christopher B. Cordell, plaintiff's intestate, alleged to
have been caused by defendant's negligence. The case is
reported on former appeals in 70 N. Y., 119, and 64 N. Y.,
535.

The deceased was killed by a locomotive attached to an

emigrant train going east on defendant's road, while he was attempting to cross its tracks at a farm crossing, which had to some extent been used by the public as a highway. There were three tracks, the south one on which the train approached was used for trains going east. Trains going west used the next or middle track. Defendant was engaged in laying down a new track, and plaintiff's evidence tended to show that a quantity of debris, such as stumps, roots, etc., which had accumulated in the progress of the work, had been piled upon the west side of the lane or road leading to the crossing, and south of and to within two or three feet of the track, obstructing the view toward the west of one approaching the tracks from the south. The deceased lived near and on the south side of the road, and was attempting to cross to his father's house, situate on the north side. The train that struck and killed him was behind time.

The further facts appear in the opinion.

*Matthew Hale*, for appellant. The witnesses who saw the accident having testified that the deceased was standing on the track with his head turned away from the direction whence trains came their testimony was controlling and plaintiff should have been nonsuited. (*Robertson* v. *McManus*, 4 Lans., 380; *Fordham* v. *Smith*, 46 N. Y., 683; *Seibert* v. *Erie R. Co.*, 49 Barb., 583; *Lurie* v. *Meeker*, 25 N. Y., 361.) Plaintiff could not recover in the absence of positive proof, by circumstances or otherwise, of the exercise of proper care by the deceased; mere proof of negligence by defendant was not enough. (*Reynolds' Case*, 58 N. Y., 248, 250, 252; *Davis' Case*, 47 id., 400.)

*J. H. Clute*, for respondent. The question of defendant's negligence was one of fact. (39 N. Y., 61; 35 id., 61; 58 id., 481; 34 id., 622, 632, 633.) The question whether the deceased was guilty of contributory negligence was properly submitted to the jury. (*Webber* v. *N. Y. C. and H. R. R. R. Co.*, 58 N. Y., 451; *Warner* v. *N. Y. C. and H. R. R.*

*R. Co.*, 44 id., 465; *Davis* v. *N. Y. C. and H. R. R. R. Co.*, 47 id., 400.)

EARL, J. To maintain this action the plaintiff must show that the death of the intestate was caused solely by the negligence of the defendant, and this she must show by competent proof. It must not be left to mere speculation. She has the burden upon the whole case to show that the negligence of the intestate did not in any degree contribute to the accident.

The care which persons are required to exercise at railroad crossings to avoid danger is such as prudent persons conscious of the danger to which they may be exposed usually exercise. And this requires the vigilant use of the ear in listening, and of the eye in looking for approaching trains. When there is no evidence tending to establish such care, it is the duty of the court to nonsuit. (*Beisegel* v. *N. Y. C. R. R. Co.*, 14 Abb. [N. S.], 29.) In *Reynolds* v. *N. Y. C. and H. R. R. R. Co.* (58 N. Y., 248), ANDREWS, J., said : "The absence of negligence on the part of the person injured must be found by the jury in order to justify a recovery against a defendant who is sued for damages for a personal injury caused by negligence. It belongs to the definition of the cause of action that the injury must have been occasioned solely by the negligence of the defendant, and either by direct proof given by the plaintiff, or from the circumstances attending the injury, the jury must be authorized to find affirmatively that the person injured was free from fault, which contributed to the accident, or the action is not maintained. If this element is wanting in the case, the court may nonsuit."

When a person has been killed at a railroad crossing, and there are no witnesses of the accident, the circumstances must be such as to show that the deceased exercised proper care for his own safety. When the circumstances point just as much to the negligence of the deceased as to its absence, or point in neither direction, the plaintiff should be nonsuited. The presumption that every person will take care of him-

self from regard to his own life and safety, cannot take the place of proof. Because human experience shows that persons exposed to danger will frequently forego the ordinary precautions of safety.

There were four persons who witnessed this accident, and have been called to testify to what they saw. Let us first consider this case with their evidence eliminated, and then see how it stands. The accident happened on the southerly track of the railroad, between one and two o'clock in the day time, while the intestate was attempting to cross the track on foot. He lived near the track, and knew where it was, and all its surroundings. He was not incumbered with any hindrances, was a man of mature age and judgment, and possessed of all his faculties. There was no wind or storm to interfere with sight or hearing. He knew that track was used for trains going east, and that danger was mainly to be apprehended from the west, and while he may have known that no particular train was due at that time, he must have known that trains are frequently behind the schedule time. He had no reason to expect any signal or warning of the approach of a train because they were not customary at that point. This was the emigrant train of twenty-one cars going at a rapid rate of speed, and necessarily making much noise. There were two tracks further north than the one upon which the intestate was killed, and there was a gravel train at the same time going west upon the most northerly track. That was a train of eleven cars moving slowly and making less noise than the train from the west. There were obstructions west of the crossing intercepting to a considerable extent sight in that direction; yet, according to the evidence most favorable to the plaintiff, it was possible to see at least forty feet westerly before getting upon the track. Facts which are beyond dispute it seems to me show that the deceased could have seen much further in that direction. While these obstacles may have imposed upon the railroad company the duty of greater caution in running its trains

at that point, they also imposed upon the deceased greater care to avoid danger in crossing the track. Now, suppose, under these circumstances, he had been found killed there, no human eye having witnessed the accident, could the plaintiff have recovered? We think not. There would have been no evidence from which a jury could justly have inferred that he used such care to avoid the danger as the law requires. A jury could not have indulged in the speculation that he looked both ways, and that "the train stole down upon him" unawares and killed him. No person could have said that the exercise of proper vigilance on his part would not have saved his life.

But if we look at the evidence of the eye witnesses of the accident, the case is still less favorable for the plaintiff. She called one, the engineer of the emigrant train. He testified that just before he saw the deceased he looked northerly toward the gravel train going west, and when he turned his eyes in the direction his train was moving, he saw the deceased two steps from the south rail of the track, and saw him step twice, the second step taking him just over that rail, and then he gave a signal, and the engine struck him. The deceased was looking eastwardly away from the approaching train, and when the witness first saw him was 150 feet distant. This evidence conclusively shows carelessness. The deceased could have seen the train at least as soon as the witness saw him. If he had then looked and stood still he would have been safe. He would certainly have been safe if he had stepped backward instead of forward. There was nothing to prevent him from arresting his progress to the fatal spot, and the consequence of his death should not be visited upon the defendant whose carelessness, if any, was certainly no greater than his.

The three other witnesses who were called by the defendant make the defense still stronger. They testified that they saw the deceased come upon the track, and stand there facing the east for some time before he was struck. They may be mistaken as to the length of time he stood there,

and other particulars, but they concur with the plaintiff's witness in the fact, that he was heedlessly there, in a place of danger, looking away from the direction from which danger was to be apprehended. It does not help the plaintiff to maintain that these witnesses were not to be believed, because their evidence could be stricken out without materially weakening the defense.

Without therefore examining other errors alleged to have been committed upon the trial, for the reasons stated, the plaintiff should have been nonsuited, and the judgment must be reversed, and new trial granted, costs to abide event.

All concur, except CHURCH, Ch. J., not voting; and HAND, J., of counsel not voting.

· Judgment reversed.