CATHERINE GLENDENING, as Administratrix, &c., of ROBERT GLENDENING, Deceased, Plaintiff, *v.* THOMAS R. SHARP, as Receiver, &c., of the LONG ISLAND RAILROAD COMPANY, Defendant.

*Negligence—in an action for damages occasioned by, the plaintiff must prove freedom from any negligence on his part contributing to the accident.*

The plaintiff's intestate, a milkman, was killed in crossing a railroad at about half-past six o'clock in the morning of January 27, 1879, while seated in a covered wagon driving his horse through a street. He was a healthy and temperate man and familiar with the locality. The crossing was on a level with the street, and the track was visible from any point in the street within a space of one hundred and sixty feet of the crossing. Several witnesses, who had no occasion to look for the train, heard it approach the crossing, and one testified that he saw the lights upon it. No evidence as to the conduct of the deceased, at the time of the accident, or as to its cause, was given.

In an action to recover the damages occasioned by the death of the plaintiff's intestate,—*Held*, that there was a failure to prove that the deceased was free from negligence contributing to the accident, and that the plaintiff was properly nonsuited.

Motion for a new trial upon exceptions ordered to be heard in the first instance at the General Term, after a nonsuit ordered at the Circuit.

The action was brought under the statute to recover the damages occasioned by the death of the plaintiff's intestate, who was alleged to have been killed by the negligence of the defendant's servants.

On January 27, 1879, about 6.30 A. M., the deceased, a resident of Long Island City, was driving his milk wagon along Thomson avenue in that city, in a northerly direction, toward a point where the avenue was crossed by three railroad tracks of the defendant. As the deceased reached and attempted to cross the most northerly

of the tracks, his wagon was struck by a regular train approaching from the east, and the deceased was thrown from his wagon and killed. There was no flagman present at the time of the accident, though the defendant was accustomed to maintain a flagman at that crossing during the ordinary hours of public travel. Several witnesses were called by plaintiff to prove that the defendant failed to give the signals required by law. At the conclusion of the plaintiff's testimony, the court granted the defendant's motion for a nonsuit, and ordered the exceptions to be heard in the first instance at the General Term.

*Herman H. Shook* and *Richard O'Gorman*, for the plaintiff.

*Edward E. Sprague*, for the defendant.

GILBERT, J.:

Assuming that the defendant's employees were guilty of negligence, it was incumbent on the plaintiff to prove that the deceased was free from any negligence which contributed to the accident. No particular form of evidence, however, is requisite. It is enough if from the whole of the testimony given by both parties, the inference can be fairly and justly drawn, that the deceased, at the time of the accident, did not omit the exercise of that care and caution which the law requires in cases of this kind. But in the absence of evidence sufficient to establish this fact, a nonsuit should be granted. In the recent case of *Cordell* v. *New York Central & Hudson River R. R. Co.* (75 N. Y., 330), the Court of Appeals held, "that when the circumstances point just as much to the negligence of the deceased as to its absence, or point in neither direction, the plaintiff should be nonsuited. The presumption that every person will take care of himself, from regard to his own life and safety, cannot take the place of proof." The rule thus declared is merely an assertion of the general principle that the burden of proving a fact which is essential to maintain the action rests upon the plaintiff, and no amount of difficulty in making such proof will relieve him from that burden.

In the case before us no witness who saw the accident was produced, nor is there any direct evidence which affords the slightest explanation of the conduct of the deceased at the time it occurred.

The deceased, it appears, was a milkman, and was killed while cross-ing the railroad about half-past six o'clock in the morning of January 27, 1879. He was seated in his covered wagon driving his horse. He was a healthy and temperate man, and must have been quite familiar with the locality of the accident. The railroad crossing is upon a level with the street, and the railroad track is distinctly visible from any part of the street within a space of one hundred and sixty feet from the crossing. It was not proved that the morning was so dark that an approaching train without a head-light could not be seen, nor that the engine had no head-light. On the contrary, several of the plaintiff's witnesses testified that they saw and heard the train approaching the crossing at a much greater distance than one hundred and sixty feet therefrom, and one of them testified that he could see the lights. None of these witnesses had a better opportunity than the deceased of observing the approach of the train, and none of them had occasion to look out for it. The inference from the testimony is certainly very strong that the deceased neither listened nor looked for an approaching train. In no point of view does it warrant the conclusion that he did either. There was, therefore, a failure of proof that the deceased exercised the requisite care or made any effort to avoid the accident.

The exceptions must be overruled, and judgment must be ordered for the defendant, with costs.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Exception overruled, and judgment for the defendant, with costs.