GEORGE HARRIS, PLAINTIFF, *v.* JOHN S. PERRY, NATHAN B. PERRY AND ANDREW DICKEY, DEFENDANTS.

*Negligence—when the jury may find the plaintiff to have been free from contributory negligence.*

The defendants, wholesale dealers in stoves, occupied the upper stories of a building in New York city, for the storage of stoves, and received

orders for and delivered them in the basement. An elevator, used by the defendants and other occupants of the building, ran from the upper story to the basement, and into a pit made in the floor thereof. The plaintiff, who had ordered some stoves in the morning, came in the afternoon to get them, and finding no one to attend to the matter in the basement, went to the elevator to call up to some one in the upper story, and in so doing fell into the elevator pit and was injured. The basement was dark, and there were no guards around the pit. The plaintiff had been there before and knew where the elevator was situated, but did not know of the existence of the pit. When there before, he had found a guard around the place where the elevator descended.

In an action by him to recover damages for the injuries so sustained, *Held*, that the question of the plaintiff's contributory negligence was properly left to the jury, and that a verdict in his favor would not be disturbed. (GILBERT, J., dissenting.)

MOTION for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

The action was brought to recover damages for injuries sustained by the plaintiff in falling into an elevator pit in the basement of a building occupied by the defendants.

*S. D. Morris*, for the plaintiff.

*Hamilton Harris*, for the defendants.

BARNARD, P. J. :

The proof of negligence upon the part of the defendants is sufficient. They were stove dealers at No. 84 Beekman street, in the city of New York, and occupied the upper stores of the building. In the basement they were accustomed to receive orders for goods and to deliver goods from there.

The first story of the building was occupied by Hayden & Co. There was an elevator, extending from the basement to defendants' rooms above, which was used by both defendants and Hayden & Co. The elevator pit extended below the basement floor. The plaintiff, in May, 1878, went to the basement to get goods he had ordered from defendants, and found no one to deliver the goods. It was dark in the basement, and the plaintiff, in attempting to get to the elevator, to call through it to some one representing defendants, to come and deliver the goods, was precipitated into the pit and much

injured.   There was not sufficient light to see, nor was there any attempt to close the pit.   The defendants, both by the common law and by the statute (Laws of 1874, ch. 547), were bound to use reasonable care and diligence in guarding against the danger from this open pit which sunk beneath the floor of the premises ; there was no guard ; there was no sufficient light ; there were no chains to prevent one from falling in.   The question of the contributory negligence upon plaintiff's part was properly left to the jury.   This is the general rule.   (*Thurber* v. *Harlem Bridge, Fordham & Morrisania R. R. Co.*, 60 N. Y. 326,)   If the finding upon this question had been different from what we believed to be the true result of the evidence, it would not be proper upon appeal to reverse if there was merely a conflict of evidence.   There is nothing from which we can say that in this case the jury have not found correctly.   The plaintiff was guilty of no neglect ; he went to get his goods in the place from which he had been accustomed to get them ; he found no one to answer him ; the place was dark and he knew of the elevator, but not that it extended below the basement floor ; he attempted to communicate through the elevator opening above and was precipitated below the basement floor.   He had the right to assume that the premises had no pitfall.

Judgment affirmed, with costs.

DYKMAN, J., concurred.

GILBERT, J., dissenting :

Assuming that negligence on the part of the defendants was proved, the question remains, whether, from all the evidence on both sides, the inference can be justly drawn that the plaintiff exercised that degree of care and caution which the law requires to absolve a party from the imputation of contributory negligence. The rule of law upon this subject is well settled.   A plaintiff who seeks to recover damages for a personal injury sustained through the negligence of another assumes the burden of proving—1. That the negligence of the defendant caused the injury.   2. That he, the plaintiff, was free from fault which contributed to the injury. It is not enough to prove one of those propositions.   Both must

be established, otherwise it is the duty of the court to nonsuit the plaintiff. (*Cordell* v. *New York Central & H. R. R. R. Co.*, 75 N. Y., 330.) The counsel for the plaintiff has not referred us to any evidence tending to show that the plaintiff exercised any care or caution whatever to avoid the accident which happened to him, but relies upon the verdict of the jury, in favor of the plaintiff. That will hardly do ; the defendants moved for a nonsuit when the plaintiff rested, and again at the close of the testimony, and exceptions were taken to the denial of those motions. It was error to deny those motions, unless there was evidence in the case sufficient to authorize a finding that the plaintiff was free from negligence on his part. Negligence consists in doing something which a man of ordinary prudence would not have done in the circumstances in which the plaintiff was placed, or in the omission of something which a man of ordinary prudence would have done in the circumstances mentioned, and " when the circumstances point just as much to the negligence of the plaintiff, as to its absence, or point in neither direction, the plaintiff should be nonsuited." (75 N. Y., *supra.*)

The plaintiff was injured by falling through an opening in the floor of the basement of a store, occupied by the defendants and other tenants. The opening was made for the purposes of an elevator, running from the cellar through similar openings in the floors above to the upper stories of the building, and had been in use for a considerable period. The defendants were wholesale dealers in stoves and the plaintiff was one of their customers. The plaintiff had made a purchase of goods of the defendants on the day of the accident, which was May 27, 1878. Between five and six o'clock on the afternoon of that day he returned to the defendants' store to get the goods which he had purchased ; what followed was related by the plaintiff as a witness upon the trial. " When I entered the room, there was no one in it except the carman, and not finding any one there to deliver the goods I was in pursuit of, I went to the elevator to call some one from up stairs, and that is as far as my memory serves me." He stated also that the room was pretty dark, that the elevator was in a place which was imperfectly lighted, and that when the accident happened the usual guard or barrier con-

nected with the elevator was not in its place; that he knew the situation of the elevator, but that he had never noticed that it extended below the floor of the room from which he fell. Upon cross-examination the plaintiff testified that he had been several times to the elevator at the same place, and called to people in the stories above, and had received answers from them. That the guard which he frequently found at the elevator was a chain or bar of wood across the opening, and that when he went to the elevator to speak to some one above, the platform of it must have been up.

The carman referred to was the only other person present when the accident happened. He saw nothing of it, and had no knowledge how it happened.

We are of opinion that the testimony furnishes no proof that the plaintiff exercised any care whatever to avoid the accident.

On the contrary, we think that the only inference that can be fairly drawn from the evidence is that the plaintiff, while in the act of calling through the opening to some one above, or while listening for a reply, lost his balance and fell to the cellar beneath. His statement that he had not noticed that the opening extended into the cellar does not relieve him from the imputation of negligence. The guard which he had frequently seen was a palpable indication that there was an opening in the floor on which he stood, and that the purpose of the guard was to protect persons against the danger of falling through the opening. The effort made on behalf of the plaintiff to show that there were trap-doors in the floor, by which the opening might be closed, was a failure. But whether there were trap-doors or not, the plaintiff showed great carelessness in disregarding the admonition afforded by the absence of the usual guard, and approaching the elevator without ascertaining whether the opening in the floor was closed or not. The leaving the guard down, no doubt, was an act of negligence on the part of somebody, but it would be hard to treat such an act as an invitation to the plaintiff to forego all care of himself, or as an assurance that the removal of the guard removed the danger of the opening—such a conclusion would practically abolish the rule respecting the legal effect of contributory negligence.

The plaintiff's familiarity with the elevator renders the cases

relating to injuries suffered by persons who had been licensed or invited to come on defendants' premises, in consequence of concealed openings in the floors thereof, inapplicable. Nor does the defendants' violation of the statutory requirement to keep the elevator secure, excuse the plaintiff's negligence. (Sh. & Red. on Neg., § 591.)

The exceptions should be allowed, and a new trial granted, with costs to abide the event.

Exceptions overruled, and judgment for plaintiff upon the verdict, with costs.