Per Curiam.
We entertain no doubt that the dismissal of the complaint was a proper exercise of judicial power. In the case of Adolph v. C. P. N. E. R. Co. (76 N. Y , 535), the court of last resort expressed the obligation or duty of a traveller approaching a railroad track, and that is to keep off the track at all points save the crossing, and there to exercise all his powers that he may not get in the way of a coming train. He must be as sure as he may be from sight and hearing that it is prudent to cross at that moment, and then he must hasten over. There are other cases bearing upon the same subject (Cordell v. N. Y. C., 75 N. Y., 330; Hayes v. 42 St., 97 N. Y. 259).
The plaintiff’s driver did not exercise the caution which a prudent man would have observed, and there seems but little doubt that the injury to the plaintiff’s property resulted from that circumstance.
The motion to dismiss the complaint was based on the ground that the driver did not take reasonable and proper precautions to protect the plaintiff’s property before crossing the track. And this was regarded as sufficient to justify the result declared by which the complaint was dismissed. We are of the opinion, nevertheless, that it should not have been dismissed upon the merits, inasmuch as the effect of that, if it remained undisturbed, would be to prevent any further investigation of the claim asserted in this case.
We think that those words therefore should be stricken from the judgment so that it remains simply as a dismissal of the complaint, and thus preserve to the plaintiff all that it may now enjoy under the law.
The judgment as thus modified should be affirmed without costs to either party.