CATHARINE P. DANIELS, as Administratrix, etc., Respondent, *v.* THE STATEN ISLAND RAPID TRANSIT COMPANY, Appellant.

In an action to recover damages for the killing of D., plaintiff's intestate, through the alleged negligence of defendant, it appeared that the accident occurred at a village crossing; that D. was familiar with the locality and knew that there were two railroad tracks upon which trains passed in opposite directions; that defendant had failed to comply with a request of the village authorities to erect gates at this crossing, but kept a flagman there, who, as he saw D. approaching from the south, on which track a train was then passing, the head-light on the engine of which was lighted, shouted to him that another train was approaching on the north track; D. was deaf, and the head-light on that train was either not lighted or was turned down so low that the light was practically invisible. It appeared, however, that if D., after crossing the south track before stepping on the north track, had looked in the direction from which trains were to be expected, he would have seen the approaching train, which struck and killed him, as it was plainly visible. The court submitted to the jury the question as to whether the absence of the head-light was the cause of the accident. *Held,* error, as it was not shown nor could an inference be drawn from the evidence that the absence of the head-light did contribute to the accident.

Also *held,* that plaintiff failed to show absence of contributory negligence on the part of D.

A request of the authorities of a municipality that a railroad corporation shall erect gates at a crossing, imposes no duty upon it to do so, and it is not chargeable with negligence for omitting to comply with the request, until an order of the Supreme Court requiring it has been obtained as authorized by the act of 1884. (§ 3, chap. 439, Laws of 1884.)

(Argued January 15, 1891; decided January 27, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1889, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for the negligent killing by defendants of John W. Daniels, plaintiff's intestate.

The facts, so far as material, are stated in the opinion.

*Albert B. Boardman* for appellant. The question whether the defendant was or was not negligent in a case like this is a question of law to be determined by the court. (*Burke* v. *Witherbee*, 98 N. Y. 565.) Nothing was proved against the defendant which justified the submission of any question to the jury. (3 R. S. [8th ed.] 1804; *Salter* v. *U. & B. R. R. R. Co.*, 75 N. Y. 273.) The plaintiff's intestate was clearly guilty of contributory negligence. (*Cordell Case*, 75 N. Y. 330; *Salter* v. *U. & B. R. R. R. Co.*, 75 id. 273; *Woodard* v. *N. Y., L. E. & W. R. R. Co.*, 106 id. 369; *Young* v. *N. Y., L. E. & W. R. R. Co.*, 107 id. 500.)

*Sidney F. Remson* for respondent. The jury has said that the absence of a head-light was the sole cause of this man's death. If this is so, then the defendant is liable. (*Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 652; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 id. 355; *Waldele* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 69; *Lindeman* v. *N. Y. C. & H. R. R. R. Co.*, 42 id. 307; *Beckwith* v. *N. Y. C. & H. R. R. Co.*, 54 id. 446; *Greaney* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Nash* v. *N. Y. C. & H. R. R. R. Co.*, 51 Hun, 594.) In an action for personal injury from negligence of the defendant, the absence of any fault on the part of the plaintiff may be inferred from the circumstances in connection with the ordinary habits, conduct and motives of men. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y. 65; *Palmer* v. *Dearing*, 93 id. 7; *Galvin* v. *Mayor, etc.*, 112 id. 223; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, Id. 234.)

*Per Curiam.* We think the plaintiff failed to maintain her action both in respect of the negligence of the defendant, and the freedom of the intestate from contributory negligence. No negligence can be imputed to the defendant by reason of the speed of the train, nor from its omission to maintain gates at the crossing, nor from the fact that there were not two flagmen instead of one, nor by any reason of any negligence of the flagman in failing to warn the deceased of the impending

danger. It was not shown that the train was running at excessive speed. There was no duty resting on the defendant to have gates at the Maple avenue crossing in the village. It had been requested by the village authorities to erect them, but this imposed no duty until an order of the Supreme Court had been obtained upon their application, requiring gates to be maintained. Upon such application it is discretionary with the court to "order that a flagman be stationed at such point, or that gates shall be erected." (Chap. 439, Laws 1884, § 3.)

The defendant did keep a flagman at the crossing, and when he observed the deceased approaching the track from the south, he shouted to him that another train was approaching on the north track, but unfortunately the deceased was deaf, and probably did not hear the warning. The flagman apparently did his whole duty.

The only omission which can be charged to the defendant in the management of the train, was the failure to have the head-light on the engine of the west bound train, which struck and killed the plaintiff's intestate, lighted, or rather in having the light turned so low as practically to make the condition the same as if unlighted.

The accident occurred November 3, 1888, at about thirty-eight minutes after five o'clock in the afternoon. The jury would have been authorized to find that the omission of the defendant to have a head-light fully lighted at this time, was the omission of due and reasonable care. The time was between "dark and light," as one witness says, and "it was pretty dark," is the language of another witness. The head-light on the down bound train which passed the crossing on the south track a few seconds before the up bound train which struck the deceased, was lighted, and this was evidence that the time had arrived for lighting the head-light.

But the evidence discloses no relation between the omission to light the head-light and the happening of the accident. The evidence affirmatively shows that the engine and cars of the up train were perfectly visible to one on or at the side of

the track where the deceased was, and several witnesses who stood much further away, but on the same line of vision, saw the engine and cars with perfect distinctness, and also the reflection of the light from the car windows.

Upon the question of the ability of persons standing at the Maple street crossing to see the approaching engine without difficulty, except as the view of the track was obstructed by the train which passed the crossing in the opposite direction, there is no conflict whatever. It was not shown by, nor can any inference be drawn from, the evidence that absence of a light on the engine in any way contributed to the accident.

The court, in its charge, substantially confined the jury, in passing upon the question of the defendant's negligence, to the one question whether the absence of the head-light was the cause of the accident. We think the court erred in submitting this question to the jury, and that the defendant was entitled, upon the undisputed evidence, to an instruction that the question of the head-light was not a material element in the case.

We are also of opinion that the plaintiff failed to maintain the burden put upon her to show that there was no contributory negligence on the part of the intestate. The circumstances seem to point not to an absence of negligence on his part, but rather to its existence. He was familiar with the crossing. He knew that there were two railroad tracks upon which trains passed in opposite directions. The passage of the train on the down track obstructed his vision in the direction from which the other train came, until it had passed the crossing and proceeded some distance beyond. The deceased apparently must have proceeded to cross the track immediately after the down train passed the crossing, without looking up the road, because if he had looked after crossing the south track, before stepping on the north track, it is upon the evidence indisputable that he could have seen the approaching train. It is impossible to escape the conclusion on the evidence that the accident happened in consequence of his thoughtlessness, or at least that it was not attributable to any negligence on the part of the defendant.

The cases of *Cordell, Admr., etc.,* v. *R. R.* (75 N. Y. 330), *Woodard, Admr., etc.,* v. *R. R.* (106 id. 369), and *Young* v. *R. R.* (107 id. 500), cover all the questions in this, and seem to require a reversal of the judgment.

The judgment should be reversed and a new trial granted. All concur.

Judgment reversed.