### CORCORAN *v.* DELAWARE, L. & W. R. Co.

*(Superior Court of Buffalo, General Term. July 8, 1892.)*

**NEGLIGENCE OF EMPLOYER—FAILURE TO PROMULGATE RULES—ASSUMPTION OF RISK.**

In an action by a car repairer against a railroad company for injuries received while in its employ, the only negligence alleged being failure of defendant to adopt and promulgate reasonable rules and regulations for the safety of its car repairers, plaintiff cannot recover, the evidence being not that rules had not been made and promulgated, but that plaintiff had not seen any, or been informed of or furnished with any rules.

Appeal from special term.

Action by Michael Corcoran against the Delaware, Lackawanna & Western Railroad Company for personal injuries received in its employ. From an order granting plaintiff a new trial defendant appeals. Reversed.

Argued before HATCH and WHITE, JJ.

John G. Milburn, for appellant. George W. Cothran, for respondent.

HATCH, J. Plaintiff was injured, as he claims, by the negligence of defendant, while in its employ in the capacity of a car repairer. The alleged negligence consists in the failure by defendant to adopt and promulgate reasonable rules and regulations for the safety of its car repairers. At the trial plaintiff was nonsuited, and thereafter a motion for a new trial was made upon the minutes of the court, which was granted. In assigning a

reason for granting the new trial the learned judge wrote: "The plaintiff gave some proof which tended to show that the defendant had not made and promulgated sufficient rules to govern its employes; enough, I think, to throw the burden of proving that such rules, if any had been made, upon the defendant, and the case as it then stood should have gone to the jury." The learned counsel for respondent places himself squarely upon the position taken by the trial court, and makes no claim that defendant was guilty of negligence in other respects. The question is thus sharply defined. It is conceded that the law imposed a duty upon defendant to adopt and promulgate reasonable rules and regulations for the conduct of its business and the safety of its car repairers. Defendant, however, contends that it has met the requirements of the law in this regard, and, in this particular case, that the court of appeals has decided that its rules as adopted were in law sufficient, and were properly promulgated. As to that appeal and record this contention must be upheld. *Corcoran* v. *Railroad Co.*, 126 N. Y. 675, 27 N. E. Rep. 1022. The claim now is that the present record is essentially different. It is a primary principle that negligence must be established by affirmative proof, and is never to be presumed. *Curtis* v. *Railroad Co.*, 18 N. Y. 534; *Cordell* v. *Railroad Co.*, 75 N. Y. 330. It is no longer sufficient to authorize the submission of a case to the jury upon a mere *scintilla* of evidence; there must be proof to sustain the verdict when rendered. *Dwight* v. *Insurance Co.*, 103 N. Y. 341, 8 N. E. Rep. 654; *Baulic* v. *Railroad Co.*, 59 N. Y. 356.

Examined in the light of these rules, it seems, to my mind, that plaintiff must fail. I quote his whole testimony bearing upon the alleged negligence: "I never saw any rule or regulation of the company in relation to the flags, prior to my injury; and I was never informed by anybody connected with the yard that they had a rule requiring me to put up a flag. Mr. Musenberger said something to me about putting up a flag. He didn't say anything to me about any rule or regulation of the company requiring me to put up a flag, I never asked anybody if there was any rules. In the years I had worked for these other railroad companies—the Lake Shore and Erie and the Nickel Plate—I never was furnished with a copy of their rules, but I knew they had rules. When I came to work for the Lackawanna I never asked any official or my foreman or anybody for the rules of the road. I never made any inquiry. I never spoke to any of these people about the rules of flags. I never asked Musenberger whether there was any rules of the company. Mr. Faber is foreman of the car department at East Buffalo. I never asked him nor Mr. Fomes about the rules. I knew at that time that railroad companies had rules as a general thing; the companies I had worked for had. I worked off and on for the Lackawanna before, but I never was furnished with a copy of the rules." Giving full force to this testimony, it amounts to this: "I never saw any rules. I never was informed of any rules. I was never furnished with any rules. I never asked for any rules." The significant feature about it is that the plaintiff nowhere says that he did not know that rules of the company existed, consequently this testimony falls short of establishing affirmatively that he was ignorant of the existence of rules, while it does appear that he knew that "railroad companies had rules as a general thing." The whole of the testimony is entirely consistent with the fact that defendant had adopted and promulgated sufficient rules. Plaintiff nowhere disputes it, nor does he furnish any circumstances from which an inference that defendant has not sufficiently complied with the law can fairly arise. It is the duty of an employe to make use of his faculties to inform himself. If the rules were placed within his vision, then he was bound to see them; and if they were placed where the employes generally came, upon the blackboards, and about the shops, or if he had reason to suppose that any existed, and by inquiry he could obtain them, it became his duty to visit the place or make the inquiry, and thus inform himself.

The most that can be claimed from this testimony is that plaintiff was igno-
rant of the existence of the rules; but the most dense ignorance upon the
subject can exist with the employe, and yet the master have complied with
every obligation resting upon it.   There is no obligation which required de-
fendant to place a copy of rules in plaintiff's hands, or call his particular at-
tention to the portions which particularly apply to him; the obligation is dis-
charged when the defendant has placed them in the usual and ordinary
places where information is given of the business of the company, and
where orders are made known.   When this is done, the duty rests upon the
employe, and he takes the risk if he fails to inform himself.   *Corcoran* v.
*Railroad Co.*, *supra.*   I am unable to find any evidence upon which the
jury can say that this was not done; therefore plaintiff has failed to prove
his case.   In the cases relied upon by respondent, the rules of the road, and
the steps taken to promulgate them, appeared, and the court passed upon
the sufficiency of what had been done.   For the reasons stated they are not
applicable to the facts here,   It follows that the order granting a new trial
should be reversed, and judgment ordered for defendant.

WHITE, J., *(concurring.)*   I am in favor of a reversal of the order grant-
ing a new trial, for the reason that, even if the plaintiff was not chargeable
with knowledge or notice of the existence of any rules or regulations adopted
or promulgated by the defendant for his safety as a car repairer, there is no
evidence that the nonexistence of such rules or regulations was the proxi-
mate cause of the injury complained of.