ELIZA PURDY, as Executrix, etc., of SMITH PURDY, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Negligence — damages from the death of one crossing a railroad track — duty of a person about to cross railroad tracks where trains pass on parallel tracks.*

A person about to cross railroad tracks, knowing that there are two tracks upon which trains pass in opposite directions, is bound if there is a moving train on the track nearest to him, to await the movement of such train on that track to such distance as will give him a view of the further track, so that he may discover whether any train is approaching thereon. His failure to do so is negligence, and will preclude a recovery in an action brought by his personal representative to recover damages for his death caused by his being run over by a train on the further track.

APPEAL by the plaintiff, Eliza Purdy, as executrix, etc., of Smith Purdy, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rockland on the 30th day of October, 1894, upon the dismissal of the complaint directed by the court after a trial at the Rockland Circuit, before the court and a jury, and also from an order made on the 27th day of September, 1894, and entered in said clerk's office, denying the plaintiff's motion for a new trial made upon the minutes.

*Geo. W. Weiant,* for the appellant.

*Ashbel Green* and *Herbert E. Kinney,* for the respondent.

HUN — VOL. LXXXVII.    13

CULLEN, J. :

This is an appeal from a judgment for the defendant entered on a nonsuit at Circuit. The action is to recover damages for causing the death of plaintiff's testator.

The facts attendant the accident are within a very brief compass. The station of the West Shore railroad at Haverstraw lies to the east of the road, which there runs north and south. At the station are three tracks; the easterly track and one nearest to the station is a siding; the next is the north-bound track, and the third and most westerly is the south-bound track. At a distance of 139 feet to the north of the station is the road crossing at which the deceased was struck. The siding to the north of the crossing was occupied by freight cars. Except as obstructed by the cars, the view to the north along the track was clear for over 2,000 feet. The plaintiff and her husband and testator were residents of Haverstraw and familiar with the crossing. On the day of the accident they came from the city to Haverstraw, arriving there about five o'clock in the afternoon. They alighted from the cars at the station and walked north to the road crossing. The train on which they traveled was at this time passing the crossing. They waited for the train to clear the crossing. After the train had passed they started to cross the tracks. When they arrived at the westerly track, or close to it, the deceased was struck by the engine of a south-bound train and received injuries from which he died. The plaintiff testified that before starting to cross any of the tracks they looked to the north and saw no train approaching, the view in this direction being obstructed by the standing freight cars, and that they did not discover the south-bound train until it was upon them. That the view to the north of a person close to the track would be obstructed by the freight cars is unquestionable. It would also be obstructed by the north-bound train till that had passed out of sight. How far that train had passed beyond the crossing when the plaintiff and her husband started to cross the tracks the plaintiff cannot say. The question of the contributory negligence of the deceased presented by this evidence is a narrow one; was the deceased, as a matter of law, on arriving at the north-bound track, bound to await the movement of the train on that track sufficiently far to the north to give a view of the farther track, so that he might discover

whether any train was approaching on that track? It is plain that if he had taken this precaution he would have avoided the injury, for when he reached the first of the main tracks the freight cars no longer interfered with his view. This question seems settled by the later decisions of the Court of Appeals adversely to the plaintiff. In *Daniels* v. *Staten Island R. T. Co.* (125 N. Y. 407) a person killed under substantially similar circumstances was held guilty of negligence. " He knew that there were two railroad tracks upon which trains passed in opposite directions. The passage of the train on the down track obstructed his vision in the direction from which the other train came, until it had passed the crossing and proceeded some distance beyond. The deceased apparently must have proceeded to cross the track immediately after the down train passed the crossing, without looking up the road, because if he had looked after crossing the south track before stepping on the north track, it is, upon the evidence, indisputable that he could have seen the approaching train. It is impossible to escape the conclusion on the evidence that the accident happened in consequence of his thoughtlessness, or at least that it was not attributable to any negligence on the part of the defendant."

To the same effect are the following cases: *Woodard* v. *N. Y., Lake Erie, etc., R. R. Co.* (106 N. Y. 375); *Young* v. *Same* (107 id. 500).

We have not overlooked the case of *Greany* v. *Long Island R. R. Co.* (101 N. Y. 425), cited by the plaintiff and which doubtless tends to support her claim. But we look upon that case as, if not overruled, at least much limited by the subsequent decisions cited. The *Greany* case was decided by a divided court, four to three. The *Woodard* case was decided by a similar vote, one of the dissenting judges in the *Greany* case writing the prevailing opinion. But in the *Young* case the dissent was reduced to a single vote, that of the judge who wrote the opinion in the *Greany* case. We feel bound by the latest decisions of the court.

The judgment appealed from should be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.