(37 App. Div. 396.)

RUDOLPH v. MONTANT et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.

    Plaintiff's intestate was killed by falling into an elevator pit. The entrance to the elevator was immediately in front of the sidewalk, and the pit was about four feet from the entrance. Nothing was shown as to the occurrence except that intestate was seen standing in the entry with his face towards the street, and was seen to fall backward into the pit. A chain was provided which extended in front of the pit, but it was not shown whether or not it was fastened when the accident occurred. The day was bright, and the situation of the pit was obvious to every one. *Held*, that the direction of a nonsuit was proper.

Appeal from trial term, New York county.

Action by Frances Rudolph, as administratrix of the estate of Herman Rudolph, deceased, against Alphonse Montant and another. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto Horwitz, for appellant.
Perry D. Trafford, for respondents.

PATTERSON, J.　The plaintiff sued to recover damages for wrongfully causing the death of her intestate.　It appears that the defendants were in the occupation of certain premises known as No. 89 Leonard street, in the city of New York, where they carried on their mercantile business.　On such premises there was a shaft in which an elevator car was operated.　The allegations of the complaint are that this shaft was constructed, erected, and inclosed in a negligent and unskillful manner, and was in such a defective condition, for the want of proper and substantial inclosures, that the deceased, while lawfully on the premises, fell into the elevator shaft, and was so crushed, bruised, and injured therein that he died in consequence of such injuries.　It was shown upon the trial that the entrance to the elevator was immediately from the sidewalk on Leonard street.　At the time the accident occurred, the doorway at the front was wide open.　The distance from the outer edge of the doorsill to the elevator pit was four feet eight inches.　The construction of this entrance or passage to the elevator, and the location and situation of the pit, were obvious to any one.　The accident occurred on a very bright day, at about 1 o'clock in the afternoon, and the interior of the elevator shaft and the approach thereto were plainly noticeable, even from across the street.　There is nothing whatever to show anything more than the occurrence of the accident, except that the plaintiff's intestate was seen standing in the entry or passage to the elevator, with his face towards the street, and was afterwards seen to fall backward into the pit, and either as he fell or while he was in the pit the descending car struck him.　The only security in front of the pit that had been provided was a chain, which, when up, extended in front of the pit, and was secured to the walls on either side of the entry.　Whether that chain was up at the instant of the happening of the accident does not satisfactorily appear.　At the close of the trial, a motion was made for a nonsuit.　The justice presiding reserved his decision upon that motion, and, as authorized by section 1187 of the Code of Civil Procedure, took a verdict on the following questions: "First, was the plaintiff free from any negligence contributing to the happening of the accident?　Second. Was the accident caused solely through the negligence of the defendants?　Third. Were the defendants guilty of negligence, as to the decedent, in having the place in question as it was at the time of the accident?"　Each of these questions was answered in the affirmative, and the jury fixed the damages.　Thereupon the judge granted the motion to dismiss the complaint, to which an exception was taken, and this appeal is from the judgment entered upon the nonsuit.

It is unnecessary to discuss the question of the defendants' negligence or their violation of the statute in maintaining the elevator without that sufficient guard or protection which was required by law, for the disposition made of the case by the trial judge was right, there being absolutely nothing to show or from which an inference could be drawn that the plaintiff's intestate was free from contributory negligence.　The construction and the condition of the entrance to the elevator and of the pit were plainly visible to every one, and it is inconceivable that the plaintiff's intestate could have entered

upon the premises without noticing them. There is nothing to show that he was in any other than an ordinary condition of health, and if he were at all attentive he must have seen the surroundings of the place when he went in. All that the evidence discloses is that he was standing there, and then was observed to fall backward into the pit. There is nothing to indicate that he became ill and fell, and the speculation that he inadvertently and through absent-mindedness stepped backward is just as reasonable a guess as any other that can be indulged in. It has been settled in this state by a long line of authorities that, wherever no fact or circumstance appears from which an inference can be drawn that an injured person was free from contributory negligence, a complaint in an action of this character must be dismissed. The whole subject is well summed up in the case of Wiwirowski v. Railway Co., 124 N. Y. 425, 26 N. E. 1024, as follows:

"The burden of showing that the plaintiff's intestate was free from contributory negligence rested upon the plaintiff. It is true that the want of negligence may be established from inferences which may be properly drawn from the surrounding facts and circumstances, as in the case of Galvin v. Mayor, etc., 112 N. Y. 223, 19 N. E. 675. But such inference cannot be drawn from a presumption that a person will exercise care and prudence in regard to his own life and safety, for the reason that human experience is to the effect that persons exposed to danger will frequently forego the ordinary precautions of safety. And when the circumstances point as much to the negligence of the deceased as to its absence, or point in neither direction, a nonsuit should be granted." Cordell v. Railroad Co., 75 N. Y. 330; Reynolds v. Same, 58 N. Y. 248; Hoag v. Same, 111 N. Y. 199, 18 N. E. 648; Bond v. Smith, 113 N. Y. 378, 21 N. E. 128.

In the case before us, the circumstances point in neither direction. We have nothing but the fact of the plaintiff's intestate being there, being injured, and the manner in which the injuries were inflicted. In this state of the record, the direction of the nonsuit was proper, and the judgment should be affirmed, with costs. All concur.