in Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6 L. R. A. 487, 15 Am. St. Rep. 453.

It is urged that the provision of the contract with respect to the plaintiff relinquishing her dower was ineffectual for that purpose, and that therefore it is inequitable to permit her to enforce the contract and thus obtain both dower and monthly payments for her support. The payments provided for by the contract constitute a pecuniary provision made in lieu of dower, and if she seeks and obtains that she will be estopped from claiming dower in addition. Jones v. Fleming, 104 N. Y. 418, 10 N. E. 693; Dworsky v. Arndtstein, 29 App. Div. 274, 51 N. Y. Supp. 597.

We see no reason why an equitable action, under the peculiar facts set forth, will not lie. Manifestly the Surrogate's Court cannot make such a decree as is necessary to preserve out of the estate a fund from which payments can be made to the plaintiff. While plaintiff has the right to institute a legal action for each monthly payment as it falls due, and for past unpaid installments, such actions would not necessarily prevent distribution of the estate by the executors. The procedure adopted in Carson v. Murray, supra, would seem to be the only one to effectually preserve plaintiff's rights, and for such a decree an equitable action is a necessity.

The interlocutory judgment should be affirmed, with costs, and the defendants permitted to withdraw their demurrer and answer, upon payments of costs of this court and of the court below. All concur.

---

O'BRIEN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. RAILROADS (§ 329*)—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE.

Decedent was guilty of contributory negligence, barring recovery for his death, where he attempted to drive across a railroad track in front of a rapidly moving engine after looking in the direction from which it was coming and presumably appreciating the situation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1026; Dec. Dig. § 329.*]

2. RAILROADS (§ 346*) — CROSSING ACCIDENTS — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF.

In an action against a railway company for the death of one who attempted to drive across a track in front of a rapidly moving engine, the burden was on plaintiff to show decedent's freedom from contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1121, 1122; Dec. Dig. § 346.*]

3. RAILROADS (§ 327*)—CROSSING TRACKS—DUTY TO LOOK AND LISTEN.

One approaching a steam railway crossing must look, listen, and use caution.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1043, Dec. Dig. § 327.*]

Appeal from Trial Term, New York County.

Action by James O'Brien, as administrator of Edward O'Brien, against the New York Central & Hudson River Railroad Company.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Robert A. Kutschbock, for appellant.

Don M. Almy, for respondent.

HOUGHTON, J. The action is to recover damages for the death of plaintiff's intestate through defendant's negligence. At the place where the accident occurred the defendant maintains four freight railroad tracks adjacent to the North river. Plaintiff's intestate on a bright day was attempting to cross these tracks at what is claimed to be 132d street, in the city of New York. This street, although paved up to the tracks on each side of the railroad, is not paved between the tracks, so as to permit the passage of wagons. Conveyances desiring to cross the tracks to the river docks do so at 131st street and 133d street, where the defendant maintains gates and flagmen. Foot passengers are accustomed to use the 132d street crossing as occasion requires, at which no gates are maintained. The most westerly and the most easterly tracks are used for the storage of cars, and the two center tracks are used for north and south freight trains. The deceased passed through an opening of four or five feet between cars standing on the most westerly track, and as he was attempting to cross the first or south-bound track he was struck by a backing engine going at considerable speed and instantly killed.

Aside from the question as to whether 132d street at this point was a highway duly accepted, or whether it was such a place of crossing that the deceased was justified in using it for that purpose, and also aside from the fact as to whether the defendant was guilty of any negligence in the manner of running its engine, the judgment must be reversed, because the evidence clearly shows that plaintiff's intestate was guilty of contributory negligence as matter of law in crossing in the manner in which he did. All of the plaintiff's witnesses who testified to the actual happening of the accident say that, as the intestate came from between the cars and approached the track upon which the engine was backing, his face was turned toward the north and toward the coming engine, and two of the witnesses say that, upon observing deceased looking in that direction, they themselves turned and looked, and saw it. Notwithstanding the deceased thus looked, and thus presumably knew the situation, he continued to cross the track and was struck before he succeeded in doing so.

Before plaintiff could recover it was incumbent upon him to prove, by some facts or circumstances from which a fair inference could be drawn, that his intestate was free from contributory negligence. Rudolph v. Montant, 37 App. Div. 396, 56 N. Y. Supp. 28. The deceased was a truck driver, and presumably could see. Instead of proving anything from which a fair inference could be drawn that the deceased was free from contributory negligence in crossing the track, the plaintiff himself proved facts which showed that deceased saw the approaching engine, and instead of using proper care took the chance of

being able to cross in front of it without injury.  One approaching a steam railway crossing must look and listen, and use caution, because it is a dangerous place.  Had plaintiff's intestate only been injured and been able to testify, and testified that he looked and saw the approaching engine and thought he had time to cross, it must have been held as matter of law that he did not use due caution and that he took the chance of injury.  Had he testified that he looked when the engine was in plain sight and did not see it, the same construction must have been put upon his testimony, because, if he was able to see, the statement that he did not see would be deemed incredible as matter of law. Dolfini v. Erie R. R. Co., 178 N. Y. 1, 70 N. E. 68.  As the proof stood, therefore, it was error for the court to submit the case to the jury, and the motion for a nonsuit should have been granted.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.