LUCY BASTEK, as Administratrix of the Estate of JOHN BASTEK, Deceased, Respondent, v. LEHIGH AND NEW ENGLAND RAILROAD COMPANY et al., Appellants.— In an action to recover damages for wrongful death and for injuries to property resulting from an accident at a grade crossing, the appeal is from an order denying appellants' motion to strike out certain allegations of the complaint on the ground that they are irrelevant and redundant and may tend to prejudice appellants and deny them a fair trial (Rules Civ. Prac., rule 103). Order modified by striking from the first ordering paragraph the word "denied" and by substituting therefor the words and figures "granted to the extent of striking from paragraphs Tenth and Thirteenth of the complaint the allegations to the effect (1) that defendants were negligent in failing to

install a warning device at the crossing, (2) that they were negligent in operating the train in violation of existing rules, regulations, customs and practices, and (3) that they had received petitions to install a warning device at the crossing ". As so modified, order affirmed, with $10 costs and disbursements to appellants. Negligence cannot be predicated on the absence of warning devices alone or on the failure to observe customary rules and practices, but must be found, if at all, in the manner in which the train was moved in all the circumstances then and there obtaining (*Bailey* v. *Baltimore & Ohio R. R. Co.*, 227 F. 2d 344, 346; *Houghkirk* v. *President, Managers & Co. of Delaware & Hudson Canal Co.*, 92 N. Y. 219, 227; *Kulp Transp. Lines* v. *Erie R. R. Co.*, 132 Misc. 821, 827–828; *Ames* v. *Pennsylvania R. R. Co.*, 18 Misc 2d 1075). A petition of residents asserting that a crossing is dangerous and requesting installation of safety devices is an expression of opinion and as such is incompetent to prove the existence of a perilous condition. This applies also to such a petition by a county board of supervisors, which has no particular competency or power in the premises (*Bailey* v. *Baltimore & Ohio R. R. Co.*, supra, pp. 346–347; *Daniels* v. *Staten Is. R. T. Co.*, 125 N. Y. 407). Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur. Settle order on notice.