## COWAN *v.* THIRD-AVE. RY. CO.

*(Supreme Court, General Term, First Department. April 18, 1890.)*

1. HORSE AND STREET RAILROAD—INJURIES TO PERSONS CROSSING STREET.

Plaintiff, a woman 80 years old, a little deaf, but not near-sighted, testified that if the cable-car by which she was struck was within half of a block of her she could have seen it, but that she neither saw nor heard it; that it was her habit to look up and down for cars when at the edge of a street, but would not say she looked the morning of the accident. An eye-witness testified that plaintiff looked up and down the street before crossing it, and that she walked in a stooping position, with her head bent down, as an old person naturally goes along the street. *Held*, sufficient evidence to justify a finding that plaintiff used reasonable care in crossing the street.

2. WITNESS—CREDIBILITY.

While it is a suspicious circumstance for a witness to recollect on a second trial a crucial fact which he did not mention on the former trial, yet it is not such con-

clusive evidence of his dishonesty as to call for a reversal, as his demeanor upon the stand may have been such as to have entirely overcome the suspicion that his testimony was an after-thought.

**3. APPEAL—OBJECTIONS NOT RAISED BELOW.**

A judgment will not be reversed because of an improper answer of a witness, where the record contains no motion to strike it out, and it does not appear that the attention of the court was called to it.

Appeal from circuit court, New York county.

Action by Catherine Cowan against the Third-Avenue Railway Company to recover for injuries sustained by being knocked down by one of defendant's cable-cars. There was a verdict for plaintiff for $500. From the judgment entered thereon defendant appeals. For former report, see 1 N. Y. Supp. 612.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Hoadley, Lauterbach & Johnson,* ( *W. H. Cohen,* of counsel,) for appellant. *Miller & Wells,* (*J. A. Briggs,* of counsel,) for respondent.

VAN BRUNT, P. J. We see no reason for disturbing the judgment appealed from. Upon the former appeal the judgment in favor of the plaintiff was reversed, because the evidence did not show that she had been free from negligence contributing to the happening of the accident, in that in crossing the street the plaintiff did not use that reasonable care which she was bound to do, in view of the fact that she was going upon a street upon which there was a railway and moving cars. Upon the new trial it is evident, from the nature of the evidence of the plaintiff, that she was an honest and truthful witness, and would not distort the facts, as she recollected them, to obtain success. An examination of the testimony given by her shows that she related the circumstances as she recollected them, and nothing more. She was a woman of 80 years of age, a little deaf, not near-sighted, and did not use spectacles. She carried her head bent down while she was walking, as aged persons are accustomed to do. She testified that if the car was within half a block of her she could have seen it, but that she neither saw nor heard this car, and if any signal was given she did not hear it, and that she was accustomed when she went out to look before her when she was walking. She further testified, in answer to the question whether on that morning she looked to see if there was a car coming down Tenth avenue, that she looked up and down when she was at the edge of the street. Upon the question being repeated as to that particular morning, she said, "Oh, well, I can't say I looked that morning, but it is a habit of mine;" and, further, that every time she went to the edge of the street she looked up and down to see whether there was any danger. A witness, O'Neill, was examined on behalf of the plaintiff. He testified that when she came to the edge of the sidewalk, previous to stepping on the cross-walk, she looked down Tenth avenue, and then looked up, and then got across; that she walked in a kind of stooping position, with her head bent down, like an oldish person naturally goes along the street. This evidence, if true, seems to have been sufficient to have justified the jury in finding that the plaintiff used reasonable care in crossing the street, under the circumstances which appear to have surrounded her at the time of the happening of the accident. Although the plaintiff does not seem to recollect distinctly as to whether upon this occasion she looked to see whether there was any danger approaching, she spoke of her habits in that regard, and evidently appreciated the dangers to which she was subject.

It is claimed upon the part of the appellant that the testimony of the witness O'Neill is entitled to no credit, because on all previous occasions, when he was examined as a witness, he made no mention whatever of the fact that he saw the plaintiff look up and down before attempting to cross the street, until the last trial, and until the pertinency of such evidence was suggested by the opinion of the court rendered upon the previous appeal. There are

many features in connection with the testimony of the witness O'Neill which seem to shake his credibility, and if the learned judge presiding at the trial had deemed it proper to grant the motion for a new trial, upon the ground that the evidence of O'Neill was entirely unworthy of credit, we do not think that we could have disturbed the ruling here. But, as the motion was denied, there does not seem to be sufficient spread upon this record to justify the general term in holding that this witness has committed perjury upon the trial the result of which is now the subject of review. The amount of credibility to which a witness is entitled is affected so much by his demeanor upon the stand and by his manner of testifying, as well as by the evidence itself, that the judgment of a trial judge upon questions of this description should not be interfered with, unless it is absolutely apparent from the record that such judgment is incorrect. It is possible that, the witness' attention never having been called to this particular feature of the case prior to the last trial, he may have inadvertently omitted it, and for that matter it frequently happens that circumstances and events come to the mind of a witness after he has been examined in regard to a transaction which are not present in his mind at the time of his examination and the giving of his testimony. It would certainly be a suspicious circumstance for a witness to recollect a crucial fact such as that which is detailed in the witness' testimony upon this trial, never having adverted to it before. But it is not conclusive evidence of his dishonesty. His demeanor upon the stand might entirely overcome the suspicion which might otherwise arise that the recollection of this testimony was an afterthought.

The only exception to which attention is called is that which occurs in the testimony of the physician who was examined. The question, as originally put, and which was objected to, was undoubtedly objectionable. That question, however, was not the one which was propounded to the witness, and the question was so modified by the court as to be entirely unobjectionable. It was answered in a manner which was not responsive, and by testimony which was improper, but the record contains no motion whatever to strike it out, and it does not appear that the attention of the court was in any manner called to the peculiarity of the answer, so that it might have been stricken from the record, and excluded from the consideration of the jury. The allowing of this testimony to remain upon the record, therefore, was not error, and does not call for a reversal of the judgment. Upon the whole case, therefore, we are of opinion that the judgment must be affirmed, with costs. All concur.