THERESA WIWIROWSKI, as Administratrix, etc., Respond-
ent, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN
RAILWAY COMPANY, Appellant.

*Proof as to the absence of contributory negligence—from what facts the taking of
proper precautions may be presumed.*

In an action brought by a wife to recover the damages resulting from the death
of her husband upon the defendant's railroad, it appeared that the wife, her
husband and a friend, were walking on a sidewalk, across which ran the tracks
of the railroad company, the wife being about three feet behind her husband
and his friend; that the plaintiff, as they approached the tracks, watched for a
train passing up or down; that she looked both ways, saw no light or car coming,
heard no noise, saw no flagman, heard no one call to them, and did not hear
any bell or whistle; that the two men stepped upon the tracks of the defend-
ant's railroad and were struck by the rear end of a tender attached to a locomo-
tive which was being backed along the track, and were both killed.

The evidence offered by the defendant, the Railroad Company, tended to show that
proper signals were given as the engine and tender approached the crossing;
that the persons killed were trespassing upon the defendant's tracks, and that
they were warned and urged not to cross by the flagman, but his warnings
were unheeded, while the evidence on the part of the plaintiff tended to show
the reverse.

At the close of the evidence the defendant's counsel asked the court to direct a
verdict for the defendant upon the ground, among others, that there was no
proof of want of contributory negligence on the part of the deceased.

*Held,* that the motion was properly denied; that if the jury found, as they might,
that the plaintiff's evidence was true, they might fairly assume that her husband
took the same precautions as the plaintiff, and made the same observations as
she did. (DWIGHT, P. J., dissenting.)

APPEAL by the defendant from a judgment, entered in the office
of the clerk of the county of Erie on the 20th day of February, 1890,
in favor of the above-named plaintiff and against the said defendant,
for the sum of $2,600.47, damages and costs ; and also from an order,
entered in said clerk's office on the 11th day of February, 1890,
denying the said defendant's motion for a new trial upon the minutes
of the court.

The action was brought to trial at the Erie County Circuit on the
11th day of December, 1889, and a verdict was rendered in favor
of the plaintiff for the sum of $2,500.

*James Fraser Gluck*, for the appellant.

*Frank R. Perkins*, for the respondent.

CORLETT, J. :

On the evening of October 27, 1888, the plaintiff, her husband and a neighbor named Jacobowski, were going to Rilings' planing mill, in the city of Buffalo, on Clinton street, on business. They went down Clark street to Fillmore avenue, along that avenue to the space between the West Shore Railroad tracks and the New York Central tracks; then westerly along that space to Oneida street, and from that point along the sidewalk on the southerly side of that street across the three tracks of the New York Central and Hudson River Railroad Company, to the west bound track of the defendant, upon which the accident occurred. On that track an engine was backing in from East Buffalo towards the city with a tender and caboose. The tender came first, the reversed engine next and the caboose, coupled to the head of the engine, last. The rear of the tender struck the plaintiff's intestate and Jacobowski on the crossing, killing them both instantly. The plaintiff was about three feet behind the men at the time of the accident.

On the northerly of the Central's tracks, cars were standing from within twenty feet of Oneida street up to near Montgomery street. A passenger train had just passed on the east bound Central track lying next to the one on which the accident occurred. The rear lights of that train were in sight when the engine and caboose which caused the injury came along. It was between six and seven o'clock when the accident happened and very dark.

The testimony on the part of the plaintiff tended to show that the plaintiff and the persons killed went on the sidewalk on Oneida street, along which they walked across the New York Central and Hudson River Railroad tracks, the two men in front and the plaintiff three feet behind. That as they approached the defendant's track the plaintiff watched for a train passing up or down; that she looked both ways; saw no light or car coming; heard no noise; saw no flagman; heard no one call to them, and did not hear any bell or whistle; that under such circumstances the men stepped upon the defendant's west bound track and were struck by the rear end of the tender and killed. The plaintiff stood on the sidewalk.

The defendant's evidence tended to show that proper signals were given as the engine and tender approached the crossing; that the persons killed were trespassing on the defendant's tracks, and that they were warned and urged not to cross by the flagman, but that his warnings were unheeded. The evidence on the part of the plaintiff tended to show the reverse. The plaintiff's evidence also tended to show that the engine and tender drawing the caboose were being backed down at the rate of five miles an hour, crossing numerous streets on a dark night without signal lights, which could be seen at the crossings, and without warnings that could be heard; also, without a flagman to give warning, and that none was given. The evidence also tended to show that there was no head-light to throw light upon the tracks in front of the moving train to enable those in the cab to see what was on the track; that the tender was broader than the front of the engine and would partially hide the track in front; that the train was being run in the dark, and those on it were unable to see what they were approaching, and that such was the situation when the men were killed.

The plaintiff, as administratrix of her husband, brought this action to recover damages for his death. It was tried in February, 1890, at the Erie Circuit, before Justice DANIELS and a jury. At the close of the evidence the defendant's counsel asked the court to direct a verdict for the defendant upon the ground, among others, that there was no proof of want of contributory negligence on the part of the deceased. This was denied. Exception was taken by the defendant. The jury found a verdict of $2,500 for the plaintiff. A motion for a new trial was made and denied, and the defendant appealed to this court.

The only substantial controversy on this appeal is whether the deceased was guilty of contributory negligence, and whether the cause was so barren of proof upon that question as to require that the plaintiff should have been nonsuited, or that a verdict should have been directed in favor of the defendant.

In *Parsons* v. *New York Central and Hudson River Railroad Company* (113 N. Y., 355–364), the rule is thus stated by the judge delivering the opinion: "The question is, whether the injured party, under all of the circumstances of the case, exercised that degree of care and caution which prudent persons of ordinary intelligence

usually exercise under like circumstances. This rule must in all cases, except those marked *by gross and inexcusable negligence,* render the question involved one of fact for the jury." All the more recent cases are to the same effect. (*Galvin* v. *Mayor of New York,* 112 N. Y., 223; *Palmer* v. *Dearing,* 93 id., 7; *Hourney* v. *Brooklyn City R. R. Co.,* 27 N. Y. State Rep., 49; *Beckwith* v. *N. Y. C. and H. R. R. Co.,* 28 id., 130; *Tolman* v. *Syracuse, Bing. and N. Y. R R. Co.,* 98 N. Y., 203; *Cowan* v. *Third Ave. R. R. Co.,* 31 N. Y. State Rep., 145.)

The evidence in this case required a submission of this question to the jury. If the plaintiff had received injuries, and she had brought an action to recover damages, it could not be successfully urged, assuming her evidence to be true, that the case should not have been submitted to the jury. While it does not appear what acts of diligence were exercised by the deceased before he stepped upon the track, it does appear what the facts were and the surrounding indications of danger, by the testimony of the plaintiff. If the jury found, as they did, that her evidence was true, it is fair to assume that her husband, the plaintiff being with him, took the same precautions and made the same observations that she did. When it appears that observation and looking both ways would have disclosed no danger, it is not too much to assume that the deceased exercised proper caution before going upon the track, and as he cannot speak upon the subject, it would not be logical or in accordance with human nature to hold that he exercised less caution than his wife, or that he exposed himself to danger without proper precaution. If there had not been any evidence that looking and observing would have disclosed no danger when in fact there was, it could be urged with great force that there was want of affirmative proof of proper diligence. But when it affirmatively appears that diligent observation disclosed no danger, it cannot be urged with any cogency that the person killed neglected proper precaution. Under all the circumstances, it satisfactorily appears that the learned trial justice was right in refusing to nonsuit the plaintiff and directing a verdict for the defendant; also in denying the defendant's motion for a new trial.

The judgment and order must be affirmed.

MACOMBER, J., concurred.

DWIGHT, P. J. (dissenting):

The evidence plainly required the submission to the jury of the question of the defendant's negligence, and amply supported the verdict of the jury in that particular; the question is whether there was evidence to warrant the verdict on the other branch of the case, namely, of the absence of contributory negligence. It is conceded that there was no evidence showing, or tending to show, that the deceased himself exercised any care to avoid the collision which caused his death. His mouth being closed, as well as that of the person most immediately in his company, the court, as well as the jury, would be disposed to seize upon slight circumstances, if such existed, from which the inference might be drawn that he was looking and listening for an approaching train. But of such circumstances there are none, so the learned judge, who submitted the case to the jury and denied the motion for a new trial, substantially concedes. The charge of the court is not in the record, but the opinion which accompanied the denial of the motion for a new trial suggests the ground upon which the verdict in this particular was permitted to be found, and was sustained by the court at the circuit, viz., that the lack of evidence of the requisite care for his own safety on the part of the deceased may be cured by evidence of the exercise of such care on the part of another person in his company or near vicinity. The learned judge says: "No authority has gone so far as to hold that a person in the position of the plaintiff, sustaining the relation she did to one of the deceased persons, by her own endeavor to discover the approach of the train, if one could be seen to have been in the vicinity, would not answer all the requirements of the rule demanding care of a person as near to her as her husband was, before he should undertake to cross a railway." The suggestion seems to be of the possibility of a vicarious satisfaction of the law which imposes the duty of care for his own safety upon a person who enters a position of danger. The proposition is one which would seem to require affirmative authority to support it, and which can hardly stand upon the absence of express authority to the contrary. Undoubtedly the two persons involved might stand in such a position relative to each other as to entitle the one to rely upon the watchfulness of the other. If the deceased had been blind or deaf, or otherwise disabled, and had entrusted himself to

the care and guidance of his wife, he might have freed himself from the obligation of caring for himself. But here is no suggestion of such a reliance or of the necessity for it. The wife was not leading or guiding her husband; the latter and his friend went first and she followed as she could. There was nothing in the relation or relative position of the two which charged her with responsibility for his safety. The testimony of the wife, to the effect that she looked both ways and saw no light or cars approaching, was, no doubt, admissible as descriptive of the situation, so far as it went. But the cars *were* approaching, and the undisputed evidence shows that the bell on the engine was ringing and the two red lights on the caboose were in sight. The most that can be said is that the light and the sound were not consciously perceived by the witness, or, if perceived, that they did not convey to her mind the impression of an approaching train. Who can say but that, if the deceased had been looking and listening, he might not only have heard the bell and seen the red lights, but also might have been warned by them of the approaching train.

For the reasons indicated, I think the defendant was entitled to a nonsuit, or, at least, that the motion for a new trial should have been granted, and, accordingly, that the judgment and order appealed from should be reversed.

Judgment and order appealed from affirmed.