ANNA SULLIVAN, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

*Injuries caused by a defective sidewalk — evidence — contributory negligence — burden of proof — sufficiency of notice — judge's charge.*

Upon the trial of an action brought to recover damages, alleged to have been sustained by reason of personal injuries received by the plaintiff on account of the alleged defective condition of a city street, the judge laid down the rule that the condition in which the walk was two or three days after the accident might be shown, if there was no change in its condition from that in which it was at the time of the accident, and that the jury should not consider such evidence unless it appeared that the walk was in the same condition at the time to which such testimony referred, two or three days after the time of the accident, as it was at the time of the accident.

*Held*, that the trial judge committed no error.

In such an action the burden of proof is upon the plaintiff to show that she was free from contributory negligence, but freedom from negligence may be established by proof of facts and circumstances warranting an inference to that effect.

In an action brought against a city to recover damages for personal injuries sustained through the plaintiff's having fallen upon one of its streets, the complaint alleged that such injuries were sustained on August fifth, and the notice given to the mayor of such city asserted that the accident was on the same day.

Upon the trial the counsel for the defendant asked the court to charge the jury that "unless the jury find that the accident occurred on the 5th day of August, 1891, the plaintiff cannot recover under the notice served in this case." The court refused to so charge, and an exception was taken. The court charged that it was not fatal to the plaintiff's case if the accident occurred on the evening of the fourth, but that the question for the jury was whether substantially in the place and at the time in the complaint and notice specified the plaintiff had sustained the accident and the injury for which she claimed damages.

*Held*, that such charge and refusal to charge were proper.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 6th day of February, 1893, upon the verdict of a jury rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 2d day of March, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Charles E. Ide*, for the appellant.

*Hoyt & Farrington*, for the respondent.

HARDIN, P. J.:

Plaintiff's action was brought to recover damages for personal injuries sustained by her when, on the 5th of August, 1891, in passing along Linden street, as she claims, she was thrown down by a loose or broken board in the sidewalk, receiving a severe blow across both her ankles, spraining both ankles, and receiving other bodily injury.

Plaintiff is a widow some fifty-five years of age, who supported herself by her own work; and she alleges that she was passing along the sidewalk in question carrying a basket of eggs to a customer of hers who lived on Harrison street, and that when near the school house gate on Linden street she stepped upon a loose or broken board in the sidewalk, which flew up and struck her across the ankles with a severe blow. One witness who was called testified that the boards were broken, and that he had seen some of them in the gutter. Considerable evidence was given as to the condition of the walk at the time the injuries were received and at times preceding the occasion of the injuries. It is insisted in behalf of the defendant that an error was committed in receiving evidence of the condition of the walk two or three days after the injuries occurred. When the attention of the trial judge was called to the objection made by the defendant, he observed: "The condition that the walk was in two or three days afterward may be given if there was no change in the condition from what it was at the time of the accident. If it is followed by evidence that it remained the same the evidence may be given. * * * The jury will not consider it unless it appears that the walk was in the same condition at this time, two or three days after, as it was at the time of the accident." We think the trial judge committed no error in laying down the rule to be applied.

*Corcoran* v. *The Village of Peekskill* (108 N. Y. 151) is unlike the case before us. The evidence in that case which was held to be improper related to the fact that the defendant, after the accident, had built a fence around the area where the accident occurred.

(2) While the rule is as stated in *Wiwirowski* v. *L. S. & M. S. R. R. Co.* (124 N. Y. 425), that the burden is upon the plaintiff of showing that she was free from contributory negligence, the want of

negligence may be established from facts and circumstances warranting an inference to that effect (*Galvin* v. *The Mayor*, 112 N. Y. 223; *Chisholm* v. *The State of New York*, 56 N. Y. St. Repr. 811); and the evidence in the case was such that the court could not rule as a matter of law that the plaintiff was guilty of contributory negligence; on the contrary, it was his duty to submit that question, as he did, to the jury. (*Gibbons* v. *The Village of Phœnix*, 39 N. Y. St. Repr. 658; *Goff* v. *The Village of Little Falls*, 47 id. 729; *Sherman* v. *The Village of Oneonta*, 49 id. 271.)

(3) Plaintiff, in her complaint, alleges that the injuries were sustained on the 5th day of August, 1891; the notice given to the mayor of the defendant asserts that the accident was on the 5th day of August, 1891. The learned counsel for the defendant asked the court to charge the jury that "unless the jury find that the accident occurred on the 5th day of August, 1891, the plaintiff cannot recover under the notice served in this case." The court refused to so charge and an exception was taken. The court had already charged as follows: "As I have already said, gentlemen, it is not fatal to her case if it was the evening of the 4th, but the question for your consideration is whether substantially at that place and substantially at the time she has given, whether she sustained the accident and the injury that she claims." Dr. Jarvis was called as a witness, and he said in the course of his testimony: "I think it was in August, 1891; I believe the 5th of August was the first time she called upon me." The notice was served on the 21st of September, 1891. The statute which requires notice provides that the city shall not be liable for "damage resulting from any defect or improper condition in or upon any street or sidewalk unless written notice specifying the time, place and cause of such injury or damage shall be served on the mayor or city clerk within six months after the injury or damage was received." (Chap. 449, Laws of 1888; chap. 572, Laws of 1886.)

In *Paddock* v. *City of Syracuse* (61 Hun, 8) a question was presented as to the sufficiency of a notice given under the statute, and it was held that the notice was too general as to the character of the defects complained of, and in the course of the opinion it was said: "The city was entitled to the benefit of the statute, and a substantial compliance by plaintiff with its provisions was a condition precedent to the right of plaintiff to bring the action."

We think the construction of the statute which obtained at the trial of this case was not inconsistent with the rule laid down in the *Paddock* case.

We are of the opinion that no error was committed during the progress of the trial, and the verdict of the jury should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment and order affirmed, with costs.