SARAH GLEESON, as Administratrix, etc., of WILLIAM J. GLEESON, Appellant, *v.* JOHN BRUMMER, Respondent.

| 87 | 465 |
|---|---|
| 152a | 653 |

*Negligence — burden of proof as to freedom from contributory negligence.*

In an action brought to recover damages, alleged to have resulted from the negligence of the defendant, the burden of proof is upon the plaintiff to show that he was free from contributory negligence.

The rule laid down in *Hart* v. *Hudson River Bridge Company* (84 N. Y. 62) is still the law of the State.

*Tolman* v. *S., B. & N. Y. R. R. Co.* (98 N. Y. 203) and *Galvin* v. *Mayor* (112 id. 228), distinguished.

VAN BRUNT, P. J., dissenting.

APPEAL by the plaintiff, Sarah Gleeson, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 23d day of March,

1894, upon the dismissal of the complaint directed by the court after a trial at the New York Circuit before the court and a jury.

*Dudley R. Horton,* for the appellant.

*E. W. S. Johnston,* for the respondent.

Parker, J.:

We agree that the plaintiff failed to show freedom from contributory negligence on the part of Gleeson, within the rule laid down in *Hart* v. *The Hudson River Bridge Co.* (84 N. Y. 62); *Hale* v. *Smith* (78 id. 483); *Warner* v. *N. Y. C. R. R. Co.* (44 id. 471); *Reynolds* v. *N. Y. C. & H. R. R. R. Co.* (58 id. 248), and *Cordell* v. *N. Y. C. & H. R. R. R. Co.* (75 id. 330).

Whether the rule of contributory negligence announced in these cases has since been overruled, presents the real point of difference.

The presiding justice is of the opinion that this result was accomplished by the decisions in *Tolman* v. *S., B. & N. Y. R. R. Co.* (98 N. Y. 203), and *Galvin* v. *The Mayor* (112 id. 228).

It must be admitted that the expressions quoted from the opinion in *Tolman's* case are not in harmony with the rule of the previous decisions, but it should not be held by this court that by it the Court of Appeals intended to overthrow the then existing rule and establish a radically different one, for two reasons: 1. Because the court was entirely familiar with the rule and the cases establishing it, and would have carefully considered and distinguished them had its purpose been to accomplish a modification of the rule. This was not done, nor were the cases even referred to.

2. The course of the argument strongly indicates that the court had no such purpose. The plaintiff's intestate was killed at a crossing on defendant's road, and the trial court refused to nonsuit on the ground that the plaintiff's evidence failed to show freedom from contributory negligence. A judgment recovered in favor of the plaintiff was affirmed at General Term, and this judgment the Court of Appeals reversed, holding that the evidence was insufficient to make the question of contributory negligence one of fact.

In view of the result, it is quite apparent that no change of rule was intended. The question of the desirability or propriety of a modification was not presented. It was not essential to the decision

made that it should be passed upon or considered. What the court decided was that the plaintiff had not met the burden of proof resting upon her to show such facts as would authorize a jury to find that her intestate was free from contributory negligence.

This proposition the court attempted to, and did establish.

As a preliminary step in the argument by which that result was accomplished, the legal proposition for which the respondent contended, was conceded most strongly in his favor to the end that the strength of the argument should more fully appear. And discussing the evidence from that standpoint, the court reached the conclusion that the plaintiff should have been nonsuited because of her failure to prove such facts as would permit a jury to find absence of negligence on the part of the intestate.

*Galvin* v. *The Mayor,* which is as favorable to the appellant's contention as any case to be found in the books, presents no indications of an intent to change the rule of the cases we have cited. It neither discusses nor refers to them. The facts proved were discussed by the court, and the comment made that "many well-grounded inferences are possible from the evidence." After suggesting and considering some of them, the court concluded that part of the argument as follows: "The inferences we have suggested were those which might reasonably have been deduced from the evidence by the jury, and we think it was error to take the case from it."

My conclusion is, that the rule of the cases first cited still obtains and justifies the decision of the trial court.

The judgment should be affirmed.

O'Brien, J., concurred.

Van Brunt, P. J. (dissenting):

This action was brought to recover damages alleged to have been sustained by reason of the death of the plaintiff's intestate. The defendant was at the time of the said death the owner of the premises No. 7 Cornelia street in the city of New York, which was occupied as a tenement house. On the 10th day of March, 1891, the deceased, the husband of the plaintiff, visited said building, and upon coming down stairs fell and was killed.

Evidence was given tending to show that some portion of these

steps had been out of order for a considerable length of time, and that they were so at the time of the happening of the accident. Of this condition of affairs the housekeeper of the premises was notified, but they were not repaired. There was evidence also tending to show that the defendant, the landlord, was often at the house, being there almost every day collecting his rents.

The only person who was a witness of the accident was just entering the house as the deceased was coming down stairs, and saw him fall headlong to the bottom, where he was picked up dead. There was no evidence as to how the deceased was descending the stairs or what precautions he took in coming down. The witness who saw the accident testified that the deceased was about on the second step when he commenced to fall; and the evidence shows that the step which was more particularly out of repair at the head of the stairs was the third or fourth step.

In considering this testimony, however, it is to be observed that the eye-witness evidently was not certain as to the exact location of the deceased upon the stairs when he commenced to fall; and the jury might have found as a fact that his fall commenced at the defective step.

At the conclusion of the plaintiff's evidence the court dismissed the complaint upon the ground that there was no evidence that the want of repair of the step caused the fall of the deceased; and also that there was no evidence that he was free from contributory negligence.

In respect to the first proposition it seems to me that there was evidence from which the jury might have found that the stairs in question were out of order at the time of the happening of the accident, and that as a result of such want of repair the deceased tripped and fell. It is impossible for the plaintiff, in a case of this description, to establish with absolute certainty the precise situation attending the happening of the accident. It is sufficient, however, if she places before the jury such a state of affairs that the jury would have a right to draw the inference that the accident was caused by the defective condition of the stairway; and it is clear from the evidence in the case at bar that if such defective condition existed the jury might have been justified in finding it to have been the proximate cause of the fall.

Upon the other ground upon which the complaint was dismissed, namely, that the plaintiff had not shown that the deceased was free from contributory negligence, it must be admitted that there is no proof establishing this proposition ; and if the rule of law laid down in *Hart* v. *The Hudson River Bridge Company* (84 N. Y. 62) is to be applied, the ruling of the learned court below was entirely correct. In that case the court charged the jury as follows : " It is not enough to prove facts from which either the conclusion of negligence or the absence of negligence may be with equal fairness drawn, but the burden is upon the plaintiff to satisfy you that there was no contributory negligence on the part of the deceased." The court held that there was no error in this charge, and that it was incumbent upon the plaintiff to satisfy the jury that there had been no contributory negligence by a preponderance of proof. And attention is called to the cases of *Hale* v. *Smith* (78 N. Y. 483) ; *Warner* v. *N. Y. C. R. R. Co.* (44 id. 471) ; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.* (58 id. 248) and *Cordell* v. *N. Y. C. & H. R. R. R. Co.* (75 id. 330) as establishing the doctrine announced. I think, however, that all these cases upon this point have been overruled by a subsequent decision of the Court of Appeals. In *Tolman* v. *Syracuse, Bing. & N. Y. R. R. Co.* (98 N. Y. 203) an entirely different rule is laid down. In that case it is held that a case is made sufficient to go to the jury if the surrounding facts and circumstances reasonably indicate or tend to establish that the accident *might* have occurred without negligence of the deceased, in which case that inference becomes possible in addition to that which involves a careless or willful disregard of personal safety, and so a question of fact may arise to be solved by a jury and require a choice between possible but divergent inferences. In other words, upon an evenly balanced case, or where there is no evidence upon the subject of the happening of the accident, the jury have a right to find the affirmative fact that there has been no contributory negligence. The language of the court is : " If &ast; &ast; &ast; the surrounding facts and circumstances reasonably indicate or tend to establish that the accident *might* have occurred without negligence of the deceased, that inference becomes possible, in addition to that which involves a careless or willful disregard of personal safety, and so a question may arise to be solved by a jury."

Therefore, the defendant must prove that the accident could not have occurred without negligence upon the part of the deceased, in order to prevent an affirmative inference establishing the want of contributory negligence, because in every case where the proof does not establish to the contrary, the accident may have occurred without the negligence of the plaintiff.

This rule seems to have been reiterated in the case of *Galvin* v. *The Mayor* (112 N. Y. 228), and as authority for the proposition announced in that case reference is had to the case of *Johnson* v. *The Hudson River R. R. Co.* (20 N. Y. 65). In that case (*Galvin* v. *Mayor*) there was no evidence as to how the accident happened, and the court said : " In an action for personal injury from negligence of the defendant, the absence of any fault on the part of the plaintiff may be inferred from the circumstances in connection with the ordinary habits, conduct and motives of men," and that " the character of the defendant's negligence may be such as *prima facie* to prove the whole issue."

The court further said : " The proof did not show affirmatively a want of care on the part of the deceased, and was quite consistent with the exercise of due care and caution in approaching the grating "— a very different rule from that which is laid down in the case first cited. I think, therefore, that these cases have been distinctly overruled, and that in the absence of any proof whatever upon the question of contributory negligence, the jury may find that the plaintiff has established this affirmative issue in his favor, the only test being that such conclusion shall not be inconsistent with the facts proven although it may have no evidence to support it.

Applying this rule to the case at bar, there is no evidence whatever that the deceased did not use ordinary precautions in coming down the stairs, and, hence, the jury might have inferred that he was free from contributory negligence.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment affirmed, with costs.