### McNEVEN v. ARNOTT et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. EVIDENCE—SUFFICIENCY.
   In an action for the death of plaintiff's decedent, caused by a fall into the cellar of a building being constructed by defendant adjoining a sidewalk, plaintiff claimed that decedent fell while standing on the sidewalk, whereas defendant claimed that he fell while standing on a runway used for entrance to the building by defendant's employés. A witness for plaintiff testified that decedent, a few minutes before his fall, was standing on the walk, examining the building, some distance south of the runway. Four witnesses for defendant testified that they saw decedent fall from the runway. They differed slightly as to his position on the runway at the time of his fall, and also as to the location of the body after the fall. Plaintiff's witness who testified to seeing decedent on the walk, and another, testified that his body, after the fall, was seen by them rolling down a pile of rubbish. *Held*, that the evidence showed conclusively that decedent was on the runway at the time he fell.

2. DANGEROUS PREMISES—INJURIES TO TRESPASSERS.
   The failure of a contractor, having a building on a street under construction, to protect a runway leading from the sidewalk into the building, and intended for the use of his employés alone, does not render him liable for the death of a trespasser, who, merely to satisfy his curiosity by an inspection of the building, went on the runway, from which he fell into the cellar of the building.

Appeal from superior court of New York City, jury term.

Action by Jessie L. McNeven against William H. Arnott and

others. From a judgment for defendants entered on a verdict di-
rected by the court, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
WILLIAMS, and PATTERSON, JJ.

B. F. Einstein, for appellant.
Charles C. Nadal, for respondents.

RUMSEY, J. On the 23d day of November, 1892, the defendants
were engaged as masons and builders in erecting a building at No.
497 Broadway. In the course of the work a deep excavation had
been made in the front of the building under the sidewalk, extend-
ing from the curb to the front of the building, which was some little
distance inside the house line. The outside of this excavation in
front of the building had been covered by a granite sidewalk extend-
ing from the curb 12 feet in towards the building. From the inside
edge of this granite sidewalk towards the building the work on
the sidewalk had not been completed, the defendants at that time
being engaged in placing ironwork for the glass lights to be let
into the sidewalk. From the center of the building to the granite
sidewalk extended a plank runway, as it is called, about $2\frac{1}{2}$ feet
wide, which was put there so that the defendants' workmen might
pass in and out of the building. The husband of the plaintiff fell
into this excavation and was killed. All these facts are conceded.
Whether or not there was any barrier upon the inside of the side-
walk, and between that and the hole from the south end of the plank
runway to the south end of the building, was in dispute; the plain-
tiff's evidence tending to show that there was no such barrier, while
the evidence of the defendants tended to show that a barrier had
been put there and still remained. If it were material to pass upon
this question, we would be required to presume that the jury would
have taken a view the most favorable to the plaintiff upon that
point, and have found that there was no barrier at that place. At
the close of all the evidence the case was summed up to the jury,
and submitted to them by the judge, and when they failed to agree,
after a considerable period of time, the court recalled the jury, and
ordered a verdict for the defendant. Upon this verdict the judg-
ment was entered, and the plaintiff takes this appeal.

The serious question is whether, at the time of his fall, McNeven
was upon the edge of the sidewalk, and fell into the excavation
while standing there, or whether he had gone upon the plank run-
way, and was standing there, looking about him, when he lost his bal-
ance and fell. The plaintiff produced no witness who actually saw Mc-
Neven fall into the hole. The plaintiff's witness who last saw him
living was one Luxenberg, who testified that he was standing at
the building next door, when McNeven came along, and stopped to
look at the building, and spoke to Luxenberg about it. Luxenberg
said that McNeven, when he spoke to him, was standing in front
of the lower end of the building 497 Broadway, which would be con-
siderably south of the plank runway; that he was standing on
the sidewalk in front of the building; that he was faced towards the

building, looking at it, and he looked straight into the building. He swore that McNeven was standing at that time a foot or a foot and a half from the hole where the accident occurred, with his face towards it. The witness did not see McNeven again until he had fallen into the bottom of the hole, when he saw him lying in the place where he fell, or near it. He said upon his direct examination that he saw him in the subcellar, having fallen three or four seconds after the time when he spoke to him, but upon his cross-examination the witness said that five minutes elapsed from the time he spoke to McNeven and when he saw him lying down in the cellar. This was the only witness sworn by the plaintiff, who testified to having seen McNeven shortly before he fell. On the other hand, the defendant called four witnesses, all of whom testified that they actually saw McNeven fall, and each one said that at the time he fell he stood upon the plank runway. Some of them spoke to him as he stood there, and their attention was attracted to him, and each one of them testified that he actually saw him fall off from the planks, either as he was standing there looking about him, or as he was walking towards the entrance of the building. These witnesses do not precisely agree as to the place where he stood when he fell, nor do they agree as to the place where the body lay after the fall had taken place; but the witnesses were in different positions with relation to McNeven as he stood upon the runway. Their attention was attracted to him under different circumstances, and they had no occasion to notice precisely the place where he stood. The discrepancies in their evidence in that regard are not sufficient to discredit them as to their statement that he was actually upon the plank at the time he fell. Neither were the witnesses able to say exactly where the body lay after the fall had taken place, and their evidence differs considerably upon that point, as it also differs from the testimony of the witnesses sworn by the plaintiff. It is because of these discrepancies in the position of the body as the witnesses saw it at the bottom of the hole that the plaintiff insists that their evidence as to the place whence they saw him fall should not be credited, and that the whole question should be submitted to the jury. But a careful consideration of the evidence shows that an inference cannot be drawn adversely to the testimony of these witnesses from the fact that they did not agree where the body lay, or that the jury might have found that it lay at a considerable distance to the south of the runway whence the witnesses say he fell. It appears from the testimony of the plaintiff's witness, and is not contradicted, that there was a considerable pile of rubbish at the bottom of the subcellar upon which the body of McNeven struck after he fell. The witness Luxenberg testifies that after McNeven fell he looked down, and could see him rolling down this hill of rubbish that was there; and he rolled down under the sidewalk towards the street. If that testimony be true, the jury must have found from the evidence that the body of McNeven did not lie directly under the place where it fell, but that, after the fall, he rolled towards the inner edge of the granite sidewalk.

Luxenberg and Schroeder, who was one of the defendant's witnesses, say that the body lay almost under that edge of the granite side-walk which was nearest the building; and they are the only witnesses who precisely agree as to the place where the body was found. But this testimony loses any force as tending to establish that the fall was not from the place where the defendant's witnesses say it was, because of the testimony of Luxenberg that the body rolled after it had struck the pile of rubbish at the bottom of the hole. In view of the testimony of all these witnesses, of the failure of any witness of the plaintiff to locate the place where Mc-Neven stood just before he fell, and of the fact that it appears by the testimony of Luxenberg that a long enough time elapsed after he spoke to McNeven for him to have gone upon the runway, we think the jury would have been compelled to find that McNeven fell from the plank runway, and that he was not standing upon the granite sidewalk which was there for the accommodation of passengers at the time the accident happened to him. That being the case, the defendants clearly cannot be charged with negligence for failure to protect that runway so that McNeven, going over, should not fall off of it. That was a place where he had no business to go. It was erected by the defendants solely for their own convenience, and for the use of employés in their work. McNeven went upon it to satisfy his curiosity with regard to the work which was being done there. Being where he had no business to be, he was clearly not even a licensee, but a trespasser, while he was there. The defendants owed him no duty to take any steps to protect him there. They were not obliged to take any means to protect him, or to see that no harm happened to him. They had no duty whatever with regard to him. It is said by the court of appeals in Cusick v. Adams, 115 N. Y. 55, 21 N. E. 673, that the principle is now well settled by repeated adjudications that where a person comes upon premises of another without invitation, but simply as a bare licensee, and the owner of the property passively acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence, for such person has taken all the risk upon himself. See, also, Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987. The case of Galvin v. Mayor, etc., 112 N. Y. 223, 19 N. E. 675, in not in point. In that case it appeared that Galvin was employed to unload coal at a place which was furnished by the city for that purpose, which was ordinarily covered by a grating, which was raised when coal was to be shot down the hole. The grating, as it appeared, was so constructed that it was liable to fall, and no proper means of securing it were furnished by the city. The case was disposed of in the courts below upon the ground that the city owed no duty to Galvin to protect the hole, because there was no occasion for him to get under the grating; but the court of appeals reversed the judgment of the courts below, and ordered a new trial, upon the ground of the erroneous exclusion of evidence which was offered to show that Galvin had a duty to perform which would have taken him under the grating. The court

says that, if that had been made to appear, he would not have been
guilty of contributory negligence in getting under the grating, and
he would have had a right to rely upon it that the city had per-
formed its duty so to erect the grating that it would not fall upon
one who had occasion to go under it.  The difference between that
case and this is quite apparent.  There the city owed a duty to any
one who had occasion to go under that grating.  Here the defend-
ants owed no duty to one not in their employ who went upon the
plank merely to satisfy his own curiosity.  Upon the point as to
where McNeven stood at the time that he fell there was no room for
different inferences to be drawn by different persons, but the jury
would have been bound to believe the testimony of the four credible
witnesses who swore that they saw him upon the runway, and that
he actually fell from it.  For that reason the rule laid down in Hart
v. Bridge Co., 80 N. Y. 622, and other cases of that nature, cited
by the plaintiff, do not apply here.

Upon all the testimony the court was required to take the action
that it did, and the judgment must be affirmed, with costs.  All
concur..