WIELAND v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

ACCIDENT AT RAILROAD CROSSING—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Absence of contributory negligence may be proved by circumstances, and whether a decedent killed by a railroad train at a highway crossing could by the exercise of reasonable diligence have seen or heard the approaching train in time to have avoided a collision is a question for the jury to determine from all the facts and circumstances of the case.

Appeal from trial term, Albany county.

Action by Catherine Fisher Wieland, as administratrix, etc., against the President, Managers & Company of the Delaware & Hudson Canal Company. From a judgment entered upon a nonsuit, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

Dyer & Ten Eyck, for appellant.
Lewis E. Carr, for respondent.

MERWIN, J.   This action was brought to recover damages for the death of the plaintiff's husband, occasioned by a collision with a train of defendant at the Rockefeller highway crossing, near the village of Normansville. There were no eyewitnesses of the accident. At the close of the evidence on the part of the plaintiff, the court granted a nonsuit, upon the ground that the evidence was not sufficient to carry to the jury the question of contributory negligence. The accident was on the 30th August, 1895, about midday. The highway runs nearly north and south, and the railroad track crosses it nearly at right angles. The train came from the west. The decedent was traveling southerly in an ordinary one-horse milk wagon; the seat being in front of the cans, and there being no top to the wagon. It was a bright, clear day, and a very little wind blowing from the east. The horse that the decedent drove was a gentle one,—an old, slow horse; and the decedent is described as a careful man, and a careful and prudent driver, and not a fast driver. He passed the house of Rockefeller, on his way to the crossing, four or five minutes before the accident. Rockefeller's house is from one-eighth to one-quarter of a mile from the crossing. The decedent passed along that road often. As one approaches the crossing from the north, the grade is ascending for about 900 feet from the crossing. At 20 feet north of the north rail the highway is 2.1 feet lower than the track. There is evidence tending to show that the train, as it approached the crossing, was running at the rate of from 50 to 60 miles an hour, and was giving no signal of its approach that could be heard at the crossing. The decedent was found upon the engine. The horse was thrown to the south, and the wagon to the north; indicating that the horse was nearly over the track at the moment of collision. The obstructions to a view of an approaching train from the west were such that, if the decedent had looked at a point from 28 to 30 feet from the track, he could have seen an approaching train only at a distance of from 135 to 150 feet; and one witness testifies that you do not get a very much better view until you get right on the track. At a speed of from 50 to 60 miles an hour, it would take the engine only about two seconds to pass over 150 feet. This, as it may be inferred from the ascending grade, and the time it took the decedent to travel from Rockefeller's, was less time than it took the decedent to pass over the 28 or 30 feet next to the track. If so, the de-

cedent, if he had looked when 28 to 30 feet from the track, would not have seen the train.

The absence of contributory negligence may be proved by circumstances, and, if different conclusions may be drawn from the circumstances proved, the question is for the jury to solve. Chisholm v. State, 141 N. Y. 246, 36 N. E. 184. Although there are no eye-witnesses of the accident, the freedom of the decedent from negligence may be established by proof of facts and circumstances from which it may fairly be inferred that the decedent was not at fault. Noble v. Railroad Co., 20 App. Div. 40, 43, 46 N. Y. Supp. 645, and cases cited. If, as the jury might find, the decedent could not, at 28 feet from the track, have seen or heard the train, had he looked and listened, it should not, in the absence of evidence on that question, be found that he did not look or listen. Smedis v. Railroad Co., 88 N. Y. 13. If not at fault at 28 feet from the track, it should not be said, as matter of law, that he was in fault for proceeding on, or that the jury had no right to infer that he was not in fault in then proceeding to cross. In Davis v. Railroad Co., 47 N. Y. 400, 403, it was said that the testimony did not show that the decedent—

"Could, by looking, have seen the train in time to have avoided the collision. It could not, therefore, be held, as a question of law, that his failure sooner to discover the train was the result of his inattention to the danger of his situation, or of his failure to use his senses to guard against it."

Whether, in the exercise of reasonable care under the circumstances shown, the decedent ought to have seen or heard the approaching train in time to have avoided the collision, was, I think, a question of fact for the jury. As said in Fejdowski v. Canal Co., 12 App. Div. 589, 592, 43 N. Y. Supp. 86:

"Whether, taken all together, they [the circumstances] point to the conclusion that the reasonable precautions which the deceased was able to take were insufficient to enable him to discover its approach, or to the conclusion that he heedlessly drove in front of the engine, is a question for the jury to solve."

See Tolman v. Railroad Co., 98 N. Y. 198: Crosby v. Railroad Co., 88 Hun, 196, 34 N. Y. Supp. 714; Id., 5 App. Div. 619, 38 N. Y. Supp. 1142, affirmed 153 N. Y. 681, 48 N. E. 1104; Massoth v. Canal Co., 64 N. Y. 524, 529; Galvin v. Mayor, etc., 112 N. Y. 223, 19 N. E. 675.

It follows that the court erred in granting a nonsuit. No question seems to be made that, as to the negligence of the defendant, the evidence was not sufficient to present a question for the jury to determine.

In view of the conclusion reached as to the ruling on the motion for a nonsuit, it is not important to discuss the motion for a new trial upon the ground of newly-discovered evidence. It may, however, be proper to say that the competency of the newly-discovered evidence is not clear, so far as it relates to the conduct of the decedent upon previous occasions at this crossing. The issue was as to the conduct of the decedent on this particular occasion. What he did at the place at some other time was outside of the issue. It was shown at the trial, without objection, that the de-

cedent was a careful man,—a careful driver,—and that, probably, was as far in that direction as the plaintiff was entitled to go.

Judgment and ordered reversed, and new trial granted; costs to abide the event.  All concur.