Ivan Guzman, Appellant, v. William Vereb, Doing Business as Triangle Service Center, Respondent.—

Concur — Stevens, P. J., Markewich and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I do not find contributory negligence as a matter of law. The operator of the lift, who spoke little English, lowered it without a forewarning to the plaintiff, to whom he had handed the absorbers, and of whose physical presence on the scene he was aware. The operator and the plaintiff were on opposite sides of the car. To me, this represents a classic, if not simplistic jury question of fact. And the question was presented to the jury in a charge to which no exception was taken. The factual situation is not without close or analogous precedent. (Cf. *Raplee* v. *Flintkote Co.*, 227 N. Y. S. 2d 1012; *Nicholson* v. *Greeley Sq. Hotel Co.*, 227 N. Y. 345.) The jury having resolved this question of contributory negligence in plaintiff's favor, and no motion having been made in respect of excessiveness, I would reverse the action of the Trial Justice. Moreover, the applicability of *Torambe* v. *Torambe* (12 N Y 2d 1003) cited by the majority, completely eludes me. That case concerned

a mother-in-law, a social guest, who sued her son and daughter-in-law, because at night she tripped over a cord attached to an electric iron. But in the *Torambe* case, the plaintiff did not testify, it being represented that she was both senile and hard of hearing. There is a closely analogous case, however, involving the fall of a heavy iron grating. (See *Galvin* v. *Mayor*, 112 N. Y. 223.) In that case, as here, the trial court nonsuited the plaintiff, finding as a matter of law the plaintiff was guilty of contributory negligence; and the appellate court (p. 226) reversed, saying: " It is not obvious why the driver should necessarily be in a position to receive injury; but this was a question to be determined as one of fact by the jury." The *Galvin* case (pp. 229–230) also cited with favor *Rehberg* v. *Mayor* (91 N. Y. 137) to the effect that cases of nonsuit require " upon appeal all contested facts shall be deemed established in favor of the plaintiff, and the most favorable inferences to be drawn from the evidence must be assumed in his favor." Thus, I would reinstate the jury's verdict.